LittletoN, Judge,
delivered the opinion of the court:
In this case plaintiff seeks to recover from defendant, as damages, alleged additional and unnecessary expense, plus overhead and profit, totaling $18,288.19 incurred between January 1, 1933, the date on which plaintiff alleges it would have completed the work called for by its contract, and May 23, 1933, when it received its final payment under the contract, by reason of alleged interference with the proper prosecution of the work called for by its contract and unreasonable delay in completion thereof caused by defendant’^ plumbing and heating contractor, C. J. Red-mon. The actual expenses to plaintiff for temporary heating, as well as labor and expenses incident thereto, and for other matters for the period January 27, 1933, the expiration date of the contract period, and May 6, 1933, when the work was completed and accepted, including the expense of repairs to temporary roads, are set forth in finding 7. The amounts stated in that finding, including the claimed interest on the retained percentage, are those *582 shown by the evidence, and total $12,876.99. We are of opinion, however, that plaintiff is not entitled to recover on this phase of its claim for the reason that the record shows- and we have found as a fact that plaintiff was not delayed by the defendant, nor was it unreasonably delayed or interfered with in the proper prosecution and performance of the work called for by its contract with C. J. Redmon, the heating and plumbing contractor — (see finding 6). We-think from the entire record that plaintiff’s delay in completing its contract within the time agreed upon was caused,, first, by plaintiff proposing too short a period of time under all the conditions and circumstances reasonably to-be expected for the completion of the work called for by its contract and specifications; second, by weather conditions; third, by its inability to get certain of its materials- and supplies to the site of the work when needed; and,, fourth, by reason of the performance of the excavation work which the contract and specifications contemplated would be required, and for the performance of which reasonable change orders were issued as contemplated and called for in the contract and specifications.
In view of the facts established and for the reasons-above mentioned, plaintiff is not entitled to recover any portion of the amount of $12,876.99 set forth in finding 7..
The next item of plaintiff’s claim is for $1,800, representing the expense of fastening pipe sleeves to its concrete-forms as a part of the work of building in such sleeves in the concrete work called for by the contract. Upon the evidence of record and in view of the provisions of the specifications, quoted in finding 8, and constituting a part of the contracts of plaintiff and the heating and plumbing contractor, we are of opinion that this matter was correctly decided by the contracting officer and the head of the department. Plaintiff’s contract required it to “build in sleeves for pipe lines as furnished and located by contractor for Heating, Plumbing and Electric Work”, and the contract of the plumbing and heating contractor required that he should provide all pipe sleeves which would be built in by the construction contractor as directed, but that the *583 plumbing contractor should furnish the exact location for the pipe sleeves. Under this language of the contracts, we think it is clear that the fastening of the sleeves furnished by the plumbing contractor at the location designated by him on plaintiff’s forms for concrete work was a part of and included in the phrase “shall be built in by the construction contractor as directed and as the work progresses.” We do not think that a distinction should be made between setting or fastening the sleeves in the forms and the building in of the sleeves. The greater weight of •evidence of record shows that contract provisions, such as we have here, are interpreted by the trade to require the general contractor to fasten the inserts and sleeves to its forms. For these reasons plaintiff is not entitled to recover on this item of its claim.
The last item of the claim is for $2,300 (finding 9) which plaintiff seeks to recover from the defendant solely because plaintiff’s painting subcontractor refused to agree to a reduction in its contract of more than $3,200. Prior to the time plaintiff took this matter up with its subcontractor, plaintiff made a written proposal to the defendant that •certain painting be eliminated and agreed to accept a reduction on that account of $5,500 in its total contract price. Upon consideration, this proposal was accepted in writing by the defendant and a change order was accordingly issued. The evidence does not establish that this reduction in plaintiff’s contract price was excessive for the painting work ■called for by its contract and eliminated therefrom under the agreement between the parties. The mere fact that plaintiff’s subcontractor later refused to accept a like reduction in bis contract with plaintiff does not render the defendant liable for the difference. The record shows that there were -other circumstances, not connected with the value to the defendant of the painting eliminated from plaintiff’s contract, which entered into the refusal of plaintiff’s subcontractor to accept the reduction in his contract of the full amount of $5,500, which plaintiff and defendant had agreed upon as the amount properly deductible under the prime contract.
*584 Plaintiff is not entitled to recover on any of the items of its claim, and the petition is therefore dismissed. It is so ordered.
Green, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.